IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JEROME HAMOUS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br>JOHN KESTELL, and CHUCK BARLOW,<br><br>　　　　　Defendants. | CV 17-121-M-DLC-JCL<br><br><br>ORDER |

## I.　Introduction

Plaintiff Jerome Hamous, appearing pro se, presents an application requesting leave to proceed with this action in forma pauperis. The application is supported by Hamous's declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that his application is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Hamous's lodged Complaint as of the filing date of his application to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

screening of the allegations set forth in the litigant's pleading. The applicable

provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Thus, the Court will review Hamous's pleading to consider whether this

action can survive dismissal under the provisions of section 1915(e)(2), or any

other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142

(9th Cir. 2005).

## II.      Plaintiff's Allegations

In 2014 Hamous was tenant residing at the RoseBrier Inn in Kalispell,

Montana. In September, 2014, however, the Defendants evicted him from the

housing facility purportedly for the reasons stated in an eviction notice they

delivered to Hamous. (Doc. 2 at 7 of 14.)

Hamous states that he is disabled.  He had a laryngectomy some years ago that requires him to breath through a tracheotomy.  Hamous asserts he did not commit the actions or behaviors identified in the referenced eviction notice. Although Hamous's factual allegations are imprecise, it appears his contention may be that Defendants evicted him due to his disabilities, not for the reasons stated in the eviction notice.

## III.   Discussion

Because Hamous is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Liberally construing Hamous's allegations, the Court finds he may be attempting to assert a claim under the Fair Housing Amendments Act, 42 U.S.C. § 3601 et seq.  But his allegations are not sufficiently pled to clearly and expressly

state a claim on which relief can be granted.

The Fair Housing Amendments Act makes it unlawful for any person, such as a landlord, "[t]o discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of--(A) that buyer or renter[.]"  42 U.S.C. § 3604(f)(1)(A).  A discrimination claim may proceed based on either a disparate impact or disparate treatment theory. *Budnick v. Town of Carefree*, 518 F.3d 1109, 1114 (9th Cir. 2008).  Here, Hamous's allegations suggest he contends he was subject to disparate treatment by Defendants when they evicted him.

A disparate treatment theory of liability requires a plaintiff to establish (1) he is a member of a protected class, (2) that he was qualified to reside in particular housing, (3) that he was denied particular housing despite being qualified, and (4) he was subjected to explicitly differential or discriminatory treatment.  *Budnick*, 518 F.3d at 1114.  *See also Gant v. Real Property Management, Inc.*, 2016 WL 3418342, *2 (E.D. Cal. 2016).  The plaintiff must establish that the defendant acted with a discriminatory intent or motive.  *Wood v. City of San Diego*, 678 F.3d 1075, 1081 (9th Cir. 2012).

Upon review of Hamous's allegations, the Court finds his pleading is deficient with respect to the facts that must be pled to expressly state a disparate

treatment claim under the parameters discussed above. His allegations must present sufficient facts to demonstrate it is plausible that Defendants' conduct discriminated against him based on his handicap as required under 42 U.S.C. § 3604(f)(1)(A).

Although a court must liberally construe a pro se litigant's allegations, the courts need not read into allegations the necessary elements of a federal claim that simply are not pled by the litigant. "While we are mindful of the generous pleading standards that apply to civil rights plaintiffs, 'a liberal interpretation of a ... civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982))).

Based on the foregoing, the Court finds that Hamous's allegations, as presently pled in his complaint, are factually deficient – they do not supply the essential elements of his legal claim and fail to state a claim for relief under the Fair Housing Amendments Act. Therefore, his pleading is subject to dismissal. But as noted, in view of Hamous's status as a pro se litigant, the Court must afford him an opportunity to amend his pleading to cure the deficiencies in his allegations.

## IV.    Conclusion

IT IS ORDERED that on or before **October 20, 2017,** Hamous shall file an amended complaint.  The Clerk of Court is directed to forward to Hamous a civil complaint form for his use in preparing an amended complaint.

Pursuant to Fed. R. Civ. P. 8(a), Hamous's amended complaint need only set forth a short and plain statement of his claims against Defendants showing that the facts of his situation support a discrimination claim as outlined above, and that he is entitled to relief.  His allegations must include all of the facts necessary to support all of the elements of his legal claim as outlined above.

In the interim, Hamous is cautioned that at all times during the pendency of this action he shall immediately advise the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Hamous is further advised that his failure to prosecute this action, to comply with the Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).  The Court may dismiss this case under Rule

41(b) *sua sponte* under certain circumstances.  *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 21st day of September, 2017.

_____
Jeremiah C. Lynch
United States Magistrate Judge